

**ORDERED in the Southern District of Florida on August 28, 2012.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re:                                                    CASE NO.:  11-20436-BKC-AJC

BERNARD C. SEIDLING
SSN: XXX-XX-4292

                                          CHAPTER 7

_____Debtor._____/

JOEL L. TABAS, TRUSTEE,                    ADV. NO. 12-1011-BKC-AJC-A

       Plaintiff,

v.

BERNARD C. SEIDLING,

_____Defendant._____/

### ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
### AS TO COUNT III OF COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR

THIS MATTER came before the Court on July 18, 2012 at 3:00 p.m. (the "Hearing")

upon Plaintiff's Motion for Partial Summary Judgment as to Count III of Complaint Objecting

to Discharge of Debtor [ECF 12] (the "Motion") and Defendant's Response and Objection to

Plaintiff's Motion for Partial Summary Judgment as to Count III of Complaint Objecting to Discharge of Debtor [ECF 48] (the "Response").  The Court, having reviewed the Motion and the Response and reviewed the record, having heard the argument of counsel, and being otherwise fully advised in the premises, denies the Motion.

**I.      UNDISPUTED FACTS**

1.      Bernard C. Seidling (the "Debtor") filed a voluntary Petition seeking relief under Chapter 7 of the Bankruptcy Code on April 19, 2011 (the "Petition Date"). [Main Case ECF 1]

2.      On May 3, 2011, the Debtor filed his Schedules and Statement of Financial Affairs [Main Case ECF 8] (the "Initial Schedules").

3.      Bankruptcy Schedule B item 2 listed no checking, savings or financial accounts of any kind, with the Debtor claiming to have only $150 in cash on hand on the Petition Date.

4.      Item 10(a) of Debtor's Statement of Financial Affairs did not list any transfers by Debtor within 2 years prior to the Petition Date outside of Debtor's ordinary course of business and only listed one transfer under Item (10)(b) to Royal Land Trust in approximately March 2009.

5.      Item 11 of the Statement of Financial Affairs lists only one closed financial account with "Assc. Bank".

6.      On December 16, 2011, Debtor filed his Amended Schedules (the "Amended Schedules") and Amended Statement of Financial Affairs (the "Amended Statement of Financial Affairs") [Main Case ECF 99] in which Amended Schedule B lists Debtor as having personal property totaling $4,476,209.42.

7.      The Amended Statement of Financial Affairs listed no transfers made by Debtor outside the ordinary course of business within the two years prior to the Petition

Date.

8.      Prior to filing for bankruptcy protection, the Debtor maintained a personal account ending "41-1-2" with the financial institution Edward D. Jones & Co., L.P. ("Edward Jones") (the "First Personal Account").

9.      As of September 25, 2010, approximately 8 months prior to the Petition Date, the First Personal Account had a balance of $1,313,375.77.

10.      On October 18, 2010, the Debtor transferred the contents of the First Personal Account to King Street Family Partnership ("King Street").

11.      The Debtor owns 1% of King Street.

12.      As of October 29, 2010, the First Personal Account was closed with a balance of $0.00.

13.      The First Personal Account was not listed on the Debtor's Initial or Amended Schedules, nor was it listed as an account closed within one year of filing for bankruptcy protection as required by item 11 in the statement of financial affairs to either the Debtor's Amended or Initial Schedules.

14.      The Debtor also maintained in his name a second personal account with an account number ending "41-1-3" at Edward Jones (the "Second Personal Account").

15.      On December 31, 2010, approximately four months pre-petition, the Second Personal Account had a balance of $583,596.48.

16.      On or about January 13, 2011, Debtor transferred the assets in the Second Personal Account to Sunshine Family Limited Partnership, in which the debtor owns a 99% interest.

17.      On the Petition Date, the Second Personal Account had a balance of $781.46.  The Second Personal Account was not listed in either the Debtor's Initial or Amended Schedules.

18.     The transfer of funds to Sunshine Family Limited Partnership was not listed under Item 10 of either the original or amended Statement of Financial Affairs.

19.     Trustee argues the Debtor's failure to disclose both the accounts and the transfers on his Initial and Amended Schedules is an apparent effort to deprive his creditors of access to or knowledge of these funds; and, the Debtor has failed to provide a satisfactory explanation to the Trustee of the asset transfers.

20.     At the Hearing the Debtor argued that because the Debtor controlled the accounts to which the funds had been transferred, it was as if these funds did not really leave the estate, even if the funds had not been turned over to the Trustee. The Debtor also argued that even though he had not explained the loss of assets described above, that they did not create a deficiency and thus he is not subject to denial of discharge under 11 U.S.C § 727(a)(5).

21.     As will be discussed below, the Court concludes, based upon controlling authority, that either the creation of a deficiency or the unexplained loss of assets under the circumstances presented results in a denial of discharge, and, regardless of whether there is ultimately a deficiency, there is strict liability for the Debtor's failure to disclose and explain his transfers requiring the denial of discharge as a matter of law under 11 U.S.C § 727(a)(5).

## II.    CONCLUSIONS OF LAW

The Trustee asserts he is entitled to partial summary judgment denying the debtor's discharge under 11 U.S.C § 727(a)(5), which provides:

(a) The Court shall grant a debtor the discharge unless –

. . .

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

The Trustee contends section 727(a)(5) provides the Court with "broad power" and imposes "strict liability" on a non-forthcoming debtor by furnishing creditors with "a vehicle under which abusive debtor conduct can be dealt with by a denial of discharge". *In re Lufkin,* 383 BR 585, 592 (Bankr. E.D. Tenn. 2008). Denial of discharge under § 727(a)(5) is proper where a debtor fails to explain any significant loss of assets. *In re Protos*, 322 Fed.Appx. 930, 934 (11th Cir. 2009)(denying discharge under § 727(a)(5) for failure to explain transfers of stock and of furnishings). However, "[t]he question of whether a debtor satisfactorily explains a loss of assets is a question of fact." *Id.* citing *In re Chalik*, 748 F. 2d 616, 619 (11th Cir. 1984).

Thus, although it may be undisputed that the Debtor maintained significant balances at both the First Personal Account and the Second Personal Account within just 8 months of filing for bankruptcy, but did not own those assets on the Petition Date,[1] genuine issues of material fact exist which preclude summary judgment. The Debtor asserts the funds may be exempt and is pursuing an appeal in that regard. If exempt, the Debtor argues that such transfers do not diminish the estate. Moreover, the Debtor argues that, even if a transfer occurred, the total of Debtor's liabilities are $300,000.00 and therefore the transfers to not affect the creditors, as the Debtor has expressed his intent to satisfy in full all allowed claims from the assets currently in the estate.

Issues of material fact remain as to whether the alleged transfers caused a loss or deficiency in assets to prevent the Debtor from meeting his liabilities. Accordingly, the Plaintiff is not entitled to partial summary judgment as a matter of law on Count III of the Complaint. Based on the foregoing, it is

---

[1] Nor did the Debtor schedule the accounts or the transfers of funds in either his Initial Schedules, which were prepared and filed *pro se*, or in his Amended Schedules, which were filed by counsel on his behalf.

**ORDERED AND ADJUDGED** that the Motion is DENIED.

###

Submitted By:
Robert B. Miller
Florida Bar No. 305865
Tabas, Freedman, Soloff, Miller & Brown, P.A.
One Flagler Building
14 Northeast First Avenue, Penthouse
Miami, FL 33132
Telephone: (305) 375-8171
Telefax: (305) 381-7708
rmillertabasfreedman.com

Attorney Miller is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court.