

**ORDERED in the Southern District of Florida on September 19, 2012.**

A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                                    CASE NO. 11-20436-BKC-AJC

BERNARD C. SEIDLING,

    Debtor.
_____/
JOEL L. TABAS, TRUSTEE,                                ADV. NO. 12-1011-BKC-AJC-A

    Plaintiff,

vs.

BERNARD C. SEIDLING,

    Defendant.
_____/

### ORDER DENYING TRUSTEE"S MOTION FOR RECONSIDERATION

**THIS CAUSE** came before the Court upon the *Trustee's Motion for Reconsideration of Order Denying Plaintiff's Motion for Partial Summary Judgment as to Count III of the Complaint Objecting to Discharge of Debtor* (DE 70). The Court previously denied summary judgment on the basis that there are disputed issues of material facts precluding summary judgment. Count III of the

Complaint seeks relief under 11 U.S.C. §727(a)(5) which provides for the denial of discharge if "the debtor has failed to explain satisfactorily ... any loss of assets or deficiency of assets to meet the debtor's liabilities." The Trustee asserts the Debtor's discharge should be denied because the Debtor has failed to explain satisfactorily certain alleged transfers of assets, to wit, millions of dollars transferred from certain bank accounts. However, even if the Debtor fails to explain the transfers, which appears to be the case, the record is in dispute as to whether such transfers create a loss or deficiency of assets which prevents the Debtor from meeting his liabilities. The Debtor asserts that there exists sufficient assets in the estate to pay all creditors in full. The Trustee has failed to establish otherwise. The Trustee asserts there is "strict liability" for the Debtor's failure to explain the alleged transfers; the Court disagrees and believes the Trustee must establish that the alleged transfers which the Debtor cannot explain cause the Debtor to be unable to meet his liabilities. It is unclear from the record whether there are funds in the bankruptcy estate sufficient to pay all creditors' claims in full. The Trustee having failed to meet that burden, it is

ORDERED AND ADJUDGED that the *Trustee's Motion for Reconsideration of Order Denying Plaintiff's Motion for Partial Summary Judgment as to Count III of the Complaint Objecting to Discharge of Debtor* (DE 70) is DENIED.

###

Copies furnished to:

Debtor
Trustee
Robert Miller, Esq.
Alaina Siminovsky, Esq.
Richard Siegmeister, Esq.

Robert Miller or Alaina Siminovsky is directed to serve a conformed copy of this Order upon all interested parties immediately upon entry and shall file a certificate of service of same.